IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENIS KOCI KOCIBELLI,**[1] <br><br> **Plaintiff,** <br><br> v. <br><br> **SHALANDRA BARNES, MS. ARMSTRONG, MR. ATCHINSON, PRUETT,** and **MR. OSBORNE,** <br><br> **Defendants.** | Case No. 22-cv-2905-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Denis Koci Kocibelli, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Vandalia Correctional Center. On December 12, 2022, Kocibelli submitted his Complaint. On January 3, 2023, he filed a motion to amend (Doc. 6) seeking to correct the spelling of his name and add grievance records. On April 4, 2023, Kocibelli filed a second motion to amend (Doc. 11) again seeking to correct the spelling of his name. His second motion also included an attached pleading which lacked a caption and appeared to be a letter of his original allegations and additional allegations which took place after the filing of his

---

[1] Although originally listed as Denis Kaci Kacibelli on the docket, Kocibelli identified himself by his correct name in later filings.

1

Complaint. As a general matter, the Court does not accept piecemeal amendments to a complaint. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Because Kocibelli failed to submit a pleading which could stand on its own as an Amended Complaint, his requests to amend (Docs. 6 and 11) are **DENIED**.[2] The Court, however, acknowledges the correct spelling of Kocibelli's name and the Clerk of Court is **DIRECTED** to correct the docket to reflect Kocibelli's proper name.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Kocibelli makes the following allegations: Kocibelli raises a number of seemingly unrelated complaints.

---

[2] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and this Court.

**Quarantine at Vandalia**

Kocibelli first alleges that on August 8, 2022, after spending 10 to 12 days in quarantine, he was released to G Dorm which was labeled a "recovery dorm" (Doc. 1, p. 6). He was required to stay in G Dorm for 90 days, although no COVID-19 testing was required. On August 10, 2022, additional prisoners were placed in G Dorm from receiving even though the inmates had COVID-19 (*Id*.). As a result, Kocibelli lost "privileges". He believes that the prison failed to follow protocols. A grievance was written about the issues, but staff threatened the inmates with tickets. Staff later removed prisoners from the unit when they learned officials were coming to visit the prison (*Id*.).

**Good Time Credits**

Upon arriving at Vandalia in June, Kocibelli learned that IDOC was awarding "good time" credits to certain inmates (*Id*. at p. 7). He submitted a request to his counselor for the program and informed them of his past history with drug abuse (*Id*.). He was not instructed to enroll in any substance abuse program, and no such programs were available to Kocibelli at the prison, so he requested a work or school program (*Id*.). He later learned he had been denied access to the credit program due to "lack of programs" (*Id*.). He later requested to join an AA program and was told by "Ms. Brenda" that she would let him know when there were openings (*Id*. at p. 8). He asked Counselor Atkinson to re-submit his request for credit after completing the AA program and was told that only Armstrong, the counselor supervisor, could submit the request (*Id*.). Armstrong informed Kocibelli he was not eligible for the credit program due to his criminal history

(*Id*.). The letter denying his request due to criminal history came from IDOC Director Shalandra (*Id*.).

**Work Issues**

In July 2022, Kocibelli worked in the kitchen, but was never provided with a contract for the job (*Id*. at p. 11). He was informed that he would be provided with a contract at the end of his work. He worked in the kitchen for the duration of his agreement but was never provided a contract nor did he receive credit for the work (*Id*.). In August 2022, he volunteered as a dorm porter and was provided with a written contract for the work (*Id*.). He signed the contract. On September 14, 2022, he received a disciplinary ticket from Correctional Officer Caruso for cleaning the showers and showering even though his job required that he clean the showers (*Id*.). He went to the disciplinary hearing and received a verbal warning from Sergeant Stratton (*Id*. at p. 12). Three other prisoners who worked as porters also received a warning. Although told by Stratton that the discipline would not affect his job he did not see his name on the sign-in sheet for the porter job. He continued to work as a porter and wrote a letter to Osborne, Stratton, Pruett, Armstrong, and Atkinson. He did not receive a response (*Id*.). He was later informed by Pruett and Lieutenant Conrad that he would receive credit for his work. Kocibelli alleges that the contracts for prison jobs are worthless and he works for no credit (*Id*. at p. 13). He tried to talk to Pruett about his job credits, but she told him to "talk to the wall" (*Id*. at p. 14). She then instructed him to fill out a grievance (*Id*.). Pruett later made fun of his language when she overheard him speaking to his mother in Albanian (*Id*.). She was later instructed to give Kocibelli credit for the days he worked (*Id*. at p. 15).

Kocibelli alleges that Pruett did not give him credit and later wrote him a ticket for disobeying her order to "go talk to the wall" (*Id.*). Kocibelli pled guilty to the ticket because he did call her lazy (*Id.*).

## Discussion

Simply put, Kocibelli fails to state a claim in his Complaint. Kocibelli generally complains about three events which took place while he was at Vandalia. He complains about his treatment for COVID-19, his ability to earn good time credit, and issues with his various jobs at the prison. But he fails to indicate how the Defendants' actions violated his constitutional rights. It is not clear if he is seeking to raise a First Amendment retaliation claim for actions taken by some of the defendants in response to his complaints or if he believes his rights were violated in some other fashion. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020) ("First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action."). In some instances, Kocibelli fails to identify any individual that participated in the events described. For instance, he fails to identify any individual associated with his complaints regarding his treatment for COVID-19. As pled, these allegations are not sufficient to state a claim. *See* 28 U.S.C. § 1915A; FED. R. CIV. P. 8. *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful Complaint generally alleges "the who, what, when, where, and how….").

Kocibelli also violates the rules of joinder by including all of his grievances together in a single Complaint. FED. R. CIV. P. 18-21; *Wheeler v. Wexford Health Sources, Inc.*,

5

689 F.3d 680 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). Although all three claims took place while at Vandalia, they do not all arise from the same transactions or occurrences and share no common questions of fact. Should he continue to pursue these unrelated claims, they will be severed from this case and become separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g).

Accordingly, the Complaint his **DISMISSED without prejudice** and Kocibelli will be given an opportunity to amend his claims. The Amended Complaint should identify who violated his constitutional rights by name in the statement of claim and should include a description of how his rights were violated, which he has not done with his current Complaint. He should provide additional factual information including how his constitutional rights were violated, who violated his rights, when and where those violations occurred, and what harm was caused by those violations.

## Disposition

For the reasons stated above, Kocibelli's Complaint is **DISMISSED without prejudice.**

Kocibelli is **GRANTED** leave to file a "First Amended Complaint" on or before **July 13, 2023**. Should Kocibelli fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The

6

dismissal shall count as one of Kocibelli's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Kocibelli must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Kocibelli is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Kocibelli is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/15/2023**

<u>/s/ Mark A. Beatty</u>

**MARK A. BEATTY**
**United States Magistrate Judge**